■ MARILYN LIEBERMAN, Respondent-Appellant, v FRED LIEBERMAN, Appellant-Respondent.—In a matrimonial action, (1) the parties cross-appeal from a judgment of divorce of the Supreme Court, Queens County, entered August 3, 1976, except as to the divorce and custody provisions contained therein, and (2) the defendant appeals from an order of the same court, dated October 22, 1976, which, *inter alia,* granted plaintiff's motion to punish him for contempt for failure to pay arrearages and fined him the amount of $18,030. Judgment modified, on the law and in the interest of justice, by (1) deleting from the fourth decretal paragraph thereof the words "permanent alimony, child support and" and (2) deleting the fifth, sixth and ninth through fifteenth decretal paragraphs thereof. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and action remitted to Special Term for a hearing on the issue whether the defendant's poor health prevents him from increasing his earnings and for the entry of an amended judgment upon the making of such determination. Pending the completion of the hearing and the entry of an amended judgment, defendant is directed to pay $50 per week per child, a total of $100 per week, as child support. Order reversed, on the law and in the interest of justice, without costs or disbursements, and motion to punish for contempt denied, with leave to renew after the determination to be made at the hearing on the issue as to defendant's health. Although the defendant may not, by his conduct, deliberately diminish his resources in order to avoid payment of his financial obligations (see *Hickland v Hickland,* 39 NY2d 1, 6), his poor health, if established, is a factor to be considered in determining his obligation to support and maintain his wife and children. The direction for the payment of all of the children's medical and dental expenses was improper because it exposes the defendant to unlimited liability (see *Manacher v Manacher,* 35 AD2d 705). Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.